WILLIAM H. PUCKETT and Wife *v.* ELIJAH L. CLARKE.

Courts of justice will not lend their aid to either party, to enforce a contract entered into for purposes reprobated by law.

APPEAL from the District Court of Ouachita, *Boyce,* J.
*Copley,* for the appellants.
*McGuire,* for the defendant.

BULLARD, J. The plaintiffs assert title to eight slaves, which they allege are in the possession of the defendant, and that he obtained them, together with two horses, illegally and fraudulently, and under false pretences and promises made to the plaintiffs to preserve them for their benefit, and to restore them when required. The defendant, in his answer, avers that he has a just title to the slaves, and that this action is brought in fraud to deprive him of his just rights. The case was submitted to a jury, whose verdict was for the defendant, and the plaintiffs have appealed.

It appears that the wife, one of the plaintiffs, inherited the slaves in the State of Mississippi, and that they became the property of the husband on their marriage, according to the laws of that State, and were afterwards sold under execution to satisfy a judgment against the husband, and bought in by the defendant, who left them in the hands of the plaintiffs until sometime afterwards, when they were delivered to the defendant, to prevent their being seized by other creditors of the husband. The sheriff's sale was probably not a real one, according to the evidence in the record, and no conveyance was made, but the slaves were left in the plaintiffs' possession. The defendant was, however, afterwards put in possession for purposes reprobated by law, that is to say, for the purpose of enabling him to set up his title under the first sheriff's sale, and thus hold himself out to the world as the owner, and defeat the pursuits of other creditors of the husband. The present action is brought, substantially, to obtain relief against that agreement, and to cause the defendant to restore the property since the danger has passed away. Under these circumstances, our first inquiry should be, whether the case be one in which a court of justice ought to interfere, or whether it be not of that class of cases in which the maxims, *ex turpi causa non oritur actio*, and *in pari delicto potior est conditio possidentis*, apply. In the case of *Gravier's Curator* v. *Carraby's Executor*, 17 La. 118, we stated explicitly the principles by which we consider ourselves bound to be governed in questions of this sort. It is not easy to distinguish the present case from that. In the case now before us, if the sheriff's sale was not a sham one, it vested the title in the defendant ; and if it was, then there was collusion for the fraudulent purpose of covering the property, and the subse-

quent shifting of the same property back and forth, was in fur-
therance of the same design.  Such contracts and transactions
are illegal, and the parties will not be listened to when they in-
voke the aid of the court to enforce them against each other.

*Judgment affirmed.*