Ordinary process is resorted to herein by plaintiff, Herschel McGinty, in the foreclosure of a mortgage that was executed by defendant, Claude Wilkerson, and affects a house and lot located in Alexandria, Louisiana. The note secured by the mortgage is dated July 10, 1936, is for the sum of $1,000, less certain credits, and provides for the payment of interest and attorney's fees.
Judgment was rendered against the mortgage debtor, in accordance with the prayer of the petition, and he appealed.
In this court two grounds of defense are urged by appellant, namely:
1. Lack of cause or consideration for the execution of the note and mortgage.
2. The obligation is reprobated by law and is therefore null and void.
The property in question is valued, according to the record, in excess of $3,500. In the early part of 1936 the title thereto stood in the name of plaintiff, and it was encumbered with a mortgage, executed by him on June 9, 1933, that was held by the Rapides Building Loan Association, hereinafter referred to as Association, as security for a loan on which there was a balance due of approximately $2,500. Also then affecting the property was a judicial mortgage resulting from a recorded judgment obtained against plaintiff by another organization on a note that he had endorsed for a friend.
Plaintiff was desirous of selling the house and lot and of receiving pay for his equity therein; and, as part of the sale's consideration, to have the purchaser assume payment of his indebtedness and obligation with the Association. The mentioned *Page 457 
judicial mortgage, however, served as an obstruction to a transaction of that kind. Whereupon he proposed to the Association, through its active vice-president and attorney, J.H. McSween, that it foreclose its mortgage and acquire the property at sheriff's sale; that he would pay all costs, taxes and attorney's fees incident to the foreclosure proceeding; and that the right be reserved to him to produce a purchaser within a reasonable time, that is thirty to sixty days, after the adjudication. The Association was interested only in obtaining payment of the balance due under the loan, and the proposal was accepted with the understanding that its bid would not exceed that amount.
Under a writ of seizure and sale issued in the agreed proceeding, the property was seized on April 24, 1936; and, after due advertisement, it was adjudicated on June 13, 1936, to the foreclosing creditor for $500. No competitive bidding attended the sale which was made without appraisement. The sheriff's deed evidencing the transfer was signed the same day and filed and recorded June 19, 1936. The plaintiff in the instant cause paid the aforementioned expenses as he had contracted to do.
The Association, on June 22, 1936, deeded the property to the defendant Wilkerson. The act of conveyance recited a consideration of $2,500, payable on terms of credit.
On July 10, 1936, Wilkerson signed the note, together with the securing mortgage, herein sought to be enforced, and made delivery thereof to plaintiff. It was for $1,000, due in 100 months, and payable at the rate of $10 per month.
Under the above first stated defense, which is that there was a lack of cause or consideration for the obligation, defendant contends, as disclosed by the brief of his counsel, that: "* * * he was lead to believe that he was buying property from McGinty, but that after executing the mortgage in question, discovered that McGinty had owned no interest in the property whatever, said interest having been divested by foreclosure and that actually McGinty had nothing to sell and that the mortgage which he executed was without cause or consideration."
In this connection reliance is placed on the following provisions of the Louisiana Civil Code:
"1893. An obligation without a cause, or with a false or unlawful cause, can have no effect."
"1896. By the cause of the contract, in this section, is meant the consideration or motive for making it; and a contract is said to be without a cause, whenever the party was in error, supposing that which was his inducement for contracting to exist, when in fact it had never existed, or had ceased to exist before the contract was made."
The position of plaintiff is that his arrangement with the Association for the foreclosure proceedings was consummated after and as a result of his entering into an agreement with defendant Wilkerson to sell the property to the latter for $3,500, an amount representing his then existing indebtedness of $2,500, plus an additional $1,000 for his equity; and that defendant's note and mortgage were executed in fulfillment of that agreement.
While admitting that he agreed to give plaintiff the litigated instruments for the purported equity and further agreed to assume payment of the Association indebtedness, defendant insists that their agreement was not confected until the latter part of May, 1936; and when plaintiff commenced to offer testimony in proof of the challenged obligation, defense counsel objected thereto on the ground that parol evidence is inadmissible to establish title or ownership of the property in plaintiff. The objection, we think, was correctly overruled.
According to the documentary evidence in the record, plaintiff was not divested of the title until June 13, 1936, the date of the foreclosure sale. He had the power to direct its course until that time, particularly during May, 1936, when, according to defendant, the sale contract was effected.
It is stated in Article 663 of the Code of Practice, which is found under the title "Of the Sale and Adjudication of Property Seized Under the Writ of Fieri Facias", that: "The debtor may, down to the moment of adjudication, prevent the sale of the property taken, and obtain its release, by paying into the hands of the sheriff the amount of the judgment, with interest and costs"; and this principle of law is also applicable to sales made under executory process. Code of Practice, Article 745.
The oral evidence, therefore, purposed only to show the motive or cause of the mortgage's execution, and it did not concern the proving of title in plaintiff that *Page 458 
was otherwise competently established. For this purpose, it was clearly admissible.
Counsel for defendant cites the case of Hoffmann v. Ackermann,110 La. 1070, 35 So. 293. Obviously it has no relevancy here. As shown by the syllabus, the holding therein was that: "Parol evidence is inadmissible to show that real estate bought by a third person was in reality bought by the complainant's debtor, and that the third person was merely a person fraudulently interposed to screen the property from complainant."
This extract discloses the existence of a different factual situation.
The evidence adduced, including that objected to and which is held to be admissible, shows clearly that the assailed note and mortgage were granted as a consequence of the contractual relationship of the parties. This agreement contemplated the disposition of plaintiff's then equity in the property, having a valuation of at least $1,000; and certainly it may be correctly said that this provided a sufficient cause, motive or consideration for the creation of defendant's obligation.
The brief of appellant's counsel further states: "Wilkerson's testimony, uncontradicted, shows conclusively that he thought that he was buying an interest in said property from McGinty. His testimony is corroborated by McGinty, who testified that he told Wilkerson that he would sell Wilkerson his `"equity"' in the property for $1,000. Under constant cross examination McGinty still maintained that he sold Wilkerson an `"equity"'. There is no doubt from plaintiff's own testimony that Wilkerson believed he was buying something of value from McGinty."
Actually attained was the result anticipated and desired by defendant.
There is likewise no merit to defendant's second ground of defense. The contract herein sought to be enforced is not itself one reprobated by law. Of course, the Association was prevailed upon to foreclose its security so as to free the property from the operation of the mentioned and inferior judicial mortgage; but this arrangement in no way affected the genuineness of the sale agreement, including the note and mortgage given as part of the purchase price, entered into between plaintiff and defendant. As we appreciate this controversy, it does not involve a simulated or sham contract such as existed in Gravier's Curator v. Carraby's Executor, 17 La. 118, 36 Am.Dec. 608, and Puckett v. Clarke, 3 Rob. 81, cases that are cited and relied on by defendant.
The judgment is affirmed.